IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA J. SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00311-SRB |
| | ) | |
| DR. HAROLD W. STITES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Harold Stites', Suzanne Titus', Tess Laoruangroch's, and Midwest Heart & Vascular Sepcialists' Joint Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #16). For the following reasons, the motion is GRANTED.

**I. Background**

On July 17, 2017, Plaintiff filed her Second Amended Complaint against all Defendants. (Doc. #8). Plaintiff does not state the legal grounds for her claims. Instead, Plaintiff alleges only facts, which the Court construes as of two types—1) privacy violations; and 2) negligent medical care. (Doc. #8). On September 28, 2017, Defendants filed this motion to dismiss. (Doc. #16). Plaintiff's response to Defendants' motion to dismiss was due on October 12, 2017. Plaintiff did not respond by October 12, 2017. On October 25, 2017, the Court issued an order requesting Plaintiff show cause why the case should not be dismissed. (Doc. #19). On October 31, 2017, Plaintiff responded to the Show Cause Order. (Doc. #20). Defendants argue that Plaintiff failed to state a claim for the HIPPA violation and that this Court lacks subject-matter jurisdiction over the medical negligence claim.

## II. Privacy Violations

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted).

"A court must liberally construe a *pro se* complaint, and *pro se* litigants are held to a lesser pleading standard than other parties." *Weber v. Ibew Local 124 Apprenticeship Bd. Members*, No. 4:14–CV–1118–W–ODS, 2015 WL 4135672, at *1 (W.D. Mo. July 8, 2015)

(citing *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010)) (internal citations omitted). "However, *pro se* complaints still must allege sufficient facts to support the claims advanced." *Weber*, 2015 WL 4135672, at *1 (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) (internal citations omitted).

Plaintiff alleges, "The door was left open. The staff discussed patient as she was leaving the office a clearly unethical and illegal action. Referring to Medicaid and Medicare recipients as 'bottom feeders' is disrespectful at best. Therefore confirming that patients receiving benefits are viewed and treated differently." (Doc. #8). Liberally construing the facts, Plaintiff alleges a federal HIPPA violation claim. Nonetheless, "HIPAA does not create a private right of action" and cannot be a claim for which relief can be granted. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Accordingly, even liberally construing the *pro se* complaint, Plaintiff fails under Rule 12(b)(6) to state a claim regarding the HIPPA violation.

### III. Negligent Medical Care

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject-matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted). In a factual challenge the Court properly considers matters outside of the pleadings without converting the motion into one for summary judgment. *Osborn*, 918 F.2d at 729.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal citations and quotations omitted). "Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Eckerberg*, 860 F.3d at 1085 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). "For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms." *Ellis v. Se. Const. Co.*, 260 F.2d 280, 281 (8th Cir. 1958). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C.A. § 1332.

Plaintiff alleges, "The Doctor failed to provide reasonable standard of care which would have eliminated the damages and extended hospital stays. . . . The [P]laintiff was treated with depraved indifference at the original facility making it necessary to go to another Hospital for correction of the negligence during her initial pacemaker placement." (Doc. #8). Liberally construing the facts, Plaintiff alleges a state medical negligence claim. Nonetheless, there is no federal question jurisdiction over this claim because the action does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Additionally, there is no diversity jurisdiction because the parties are not diverse. Plaintiff is a citizen of Missouri because she is domiciled in Missouri. (Doc. #6). Defendants Harold Stites, Suzanne Titus, and

Tess Laoruangroch are all citizens of Missouri.  (Docs. ##6, 16).  Defendant Midwest Hear & Vascular Specialists is incorporated in Missouri and thus is a citizen of Missouri.  (Docs. ##6, 16).  Plaintiff is not diverse from Defendants.  Accordingly, Plaintiff's medical negligence claim is dismissed for lack of subject-matter jurisdiction.

## IV. Conclusion

Accordingly, Defendants Harold Stites', Suzanne Titus', Tess Laoruangroch's, and Midwest Heart & Vascular Specialists' Joint Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #16) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: November 3, 2017